IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| QUINTON KENNEDY | § | |
| v. | § | CIVIL ACTION NO. 5:20cv30 |
| CAPTAIN BOOZER, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Quinton Kennedy, a former inmate of the Bowie County Corrections Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The jail records of Bowie County show Plaintiff was released from the jail on October 29, 2020. He has not advised the Court of his current address, nor has he contacted the Court since May 13, 2020. Consequently, he has failed to prosecute his lawsuit, and the case may be dismissed on that basis. *See* Wheatley v. Scott, civil action no. 1:12cv317, 2018 U.S. Dist. LEXIS 114271, 2018 WL 3371925 (E.D.Tex., June 15, 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 114077, 2018 WL 3369422 (E.D.Tex., July 10, 2018) (lawsuit dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years; Callier v. Cain, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835, 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago").

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P.  Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action.  Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice.  McNeal, 842 F.2d at 793.

Plaintiff's failure to notify the Court of his present address or to contact the Court for an extended period of time are not actions which threaten the judicial process, rendering dismissal with prejudice unwarranted.  The imposition of fines and costs is not appropriate given the status and nature of this case.  The allegations giving rise to his claim occurred on February 6, 2020, giving Plaintiff adequate time to refile his lawsuit, should he choose to do so, within the two-year statute of limitations.  Upon consideration of all relevant factors, the Court has determined the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.  An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections.  See Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error.  Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**SIGNED this 16th day of November, 2021.**

*[signature]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE